IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADAM BATZ,

    Plaintiff,

v.

WIS. DEPT. OF CORRECTIONS,
JUDGE ELLEN BURZ, and
STATE PUBLIC DEFENDER OFFICE,

    Defendants.

OPINION AND ORDER

Case No. 20-cv-69-wmc

*Pro se* plaintiff Adam Batz filed this proposed civil action, seeking immediate release from incarceration and monetary damages because defendants have improperly denied him good time credit. Although not explicit, the court infers that Batz is seeking relief pursuant to 42 U.S.C. § 1983. Since he is incarcerated and proceeding *in forma pauperis*, Batz's complaint requires screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons that follow, Batz's claims in this lawsuit will be dismissed without prejudice.

OPINION

Plaintiff Adam Batz names three defendants: the Wisconsin Department of Corrections, Judge Ellen Burz, and the State Public Defenders Office. Batz claims that defendants and administrators at Oshkosh have wrongfully denied him 545 days of good time credit for one of his criminal cases, Case No. 12CF285. Batz is seeking two different types of relief: immediate release and monetary damages. Unfortunately, he cannot pursue either type of relief in an action under 42 U.S.C. § 1983.

Batz cannot obtain monetary damages related to his request for good time credit because such a claim is barred by United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. This same bar applies here unless Batz can show that the calculation of his good time credit had been overturned. *See Beavan v. Roth*, 74 F. App'x 635 (7th Cir. 2003) (affirming district court's finding that *Heck* precluded prisoner from seeking relief under § 1983 on claim that he was improperly denied presentence credit). Since Batz has not suggested that any court has concluded he is entitled to the good time credit he seeks, he cannot pursue a claim for money damages in this court.

Nor can Batz use this lawsuit to seek release from custody; the only federal proceeding to obtain that form of relief is a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.") (citation omitted). Moreover, the Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the

2

validity of confinement, the court should dismiss the suit without prejudice," rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. 477). Accordingly, the court will dismiss Batz's claim without prejudice.

The court notes that Batz pursued a claim related to his sentence credit in his criminal case, which the Wisconsin Court of Appeals denied on October 7, 2021. *State v. Batz*, No. 12CF285 (Dane Cty.), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2012CF000285&countyNo=13&mode=details (last visited Nov. 22, 2021); *State v. Batz*, No. 2020AP862-CR (Wis. Ct. App.), available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2012CF000285&countyNo=13&index=0&mode=details (last visited Nov. 22, 2021). If Batz successfully appeals to the Wisconsin Supreme Court or succeeds in pursuing a federal habeas petition, then he may be able to pursue relief under § 1983, provided he can identify a proper defendant.

Indeed, regardless of whether Batz successfully challenges his good time credit calculation through state or federal court, each defendant named in this lawsuit is subject to dismissal. Judge Burz is immune from damages based on Batz's claim that she miscalculated his sentence. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining that judges are entitled to absolute immunity; "judicial immunity is not overcome by allegations of bad faith or malice"); *see also* U.S. Const. amend. XI (barring claims against the State). Also, the Wisconsin Department of Corrections and the State Public Defenders Office are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*,

491 U.S. 55, 66-67 (1989); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1036 (7th Cir. 2006).

ORDER

IT IS ORDERED that:

1. Plaintiff Adam Batz is DENIED leave to proceed and this lawsuit is dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 23rd day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge